Case 7:20-cv-00416   Document 14   Filed on 04/06/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
April 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 7:20-cv-00416 |
| 11.1 ACRES OF LAND, more or less, in | § | |
| STARR COUNTY, TEXAS; et al., | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

The Court now considers Defendant City of Rio Grande City's "Unopposed Motion to Stay Construction and Motion to Stay Condemnation Proceedings."[1] Because the motion is unopposed, the Court considers it as soon as practicable.[2] In Defendant's motion, it requests a sixty-day stay in light of the President Biden's January 20, 2021 Proclamation, which directed federal agencies to "pause work on each construction project on the southern border, to the extent permitted by law."[3]

On March 3, 2021, the Court continued the parties' initial pretrial and scheduling conference until April 13, 2021 and deadline to file a joint discovery/case management plan until April 2, 2021 in light of the President's Proclamation.[4] In the previous motion to continue, the United States provided that the plan for redirection of funds was expected to be developed within sixty days of the proclamation.[5] In the current motion, Defendant provides that "it was the parties' intent that it would have further direction or guidance from President Biden related [to]

---

[1] Dkt. No. 13.
[2] LR7.2 ("Motions without opposition and their proposed orders must bear in their caption 'unopposed.' They will be considered as soon as it is practicable.").
[3] *Id.* at 2.
[4] Dkt. No. 11.
[5] Dkt. No. 10 at 2, ¶ 3.

his January 30th Executive Order;" however, "[a]s of the date of this motion, no other guidance has been issued by the President."[6] Defendant argues that it "anticipates the Proclamation, and Government action following the ordered pause in the border wall project, is very likely to cause a change in the project."[7] It further argues that "[a]ny change in the project could have dramatic impacts on the valuation issues the parties are currently litigating."[8] On these basis, Defendant makes its request for a stay "[s]o as to avoid unnecessary expenses associated with expert witnesses that have been or will be retained to consider value-related issues on the subject property and any subsequent change in the border wall project."[9]

In considering Defendant's request, the Court first notes that there is yet to be any schedule set in this case or deadlines to designate expert witnesses, so Defendant's concerns regarding sufficient time to designate expert witnesses are not relevant to the current inquiry. Defendant can raise this in its joint discovery/case management plan, which the Court considers in determining scheduling for the case. The Court also notes that there is no indication that the United States will complete its plan within sixty days. The Court is concerned that granting a stay on this basis, especially at this early stage, will merely lead to the indefinite continuation of this case. For these reasons, the Court does not find good cause to grant a stay of this case at this time. Accordingly, the Court **DENIES** Defendant's request to stay the case.

Furthermore, insofar as Defendant seeks to enjoin construction on the subject property, it does not cite any authority in support of its entitlement to such relief. Even liberally construing their request as a request for a preliminary injunction, Defendant fails to allege the necessary

---

[6] Dkt. No. 13 at 3.
[7] *Id.* at 3.
[8] *Id.*
[9] *Id.* at 4.

elements to establish its entitlement to injunctive relief.[10] It merely provides, "[t]he Proclamation orders that all construction work on the border wall project should 'pause' and the Defendant seeks an order from the Court to ensure that all construction work is 'pause[d]' pursuant to the Proclamation."[11] The Presidential Proclamation alone is not sufficient grounds to support an injunction on construction on the property.[12] For these reasons, the Court **DENIES** Defendant's request to "stay" construction on the subject property.

For the foregoing reasons, the Court **DENIES** Defendant's motion.[13] However, to allow the parties sufficient time to complete their joint discovery/case management plan before their initial pretrial conference, the Court **CONTINUES** the parties' initial pretrial conference previously scheduled for April 13th until **Tuesday, April 27, 2021, at 9:00 a.m.** The Court further **ORDERS** the parties to file a joint discovery/case management plan no later than **April 16, 2021**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of April 2021.

_____
Micaela Alvarez
United States District Judge

---

[10] *See Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir.2015) ("To be entitled to a preliminary injunction, a movant must establish (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.").
[11] Dkt. No. 13 at 3.
[12] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir.1985) (holding that if a party fails to satisfy any one of the four elements, a district court may not grant a preliminary injunction).
[13] Dkt. No. 13.